UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLA TWOREK,

        Plaintiff,

Case No. 09-12565

Honorable John Corbett O'Meara

v.

HUDSON & KEYSE, L.L.C.; and TIMOTHY
BAXTER & ASSOCIATES, P.C.,

        Defendants.
                                          /

## OPINION AND ORDER
## GRANTING DEFENDANT HUDSON & KEYSE'S SEPTEMBER 28, 2009
## <u>MOTION FOR SUMMARY JUDGMENT</u>

This matter came before the court on defendant Hudson & Keyse's September 28, 2009 motion for summary judgment. No response was filed, and no oral argument was heard. LR 7.1(e)(2).

Plaintiff Karla Tworek filed this action June 30, 2009, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Michigan Collection Practices Act, Mich. Comp. Laws Ann. § § 445.251 *et seq.*

On September 17, 2009, Plaintiff and her spouse filed a Chapter 7 joint petition for bankruptcy in the Western District of Michigan. In her bankruptcy petition, Plaintiff failed to disclose this pending litigation as an asset and fraudulently indicated that she had no "contingent and unliquidated claims" pursuant to Disclosure Number 21 on Schedule B. Furthermore, Plaintiff did not claim this action as exempt property under Schedule C of her petition.

In her petition, Plaintiff also filed a Statement of Financial Affairs, which requires the petitioner to "[l]ist all suits and administrative proceedings to which the debtor is or was a party

within one year immediately preceding the filing of this requirement."  Plaintiff again failed to disclose this action in response to the requirement.

Under the Bankruptcy Code, when a debtor files a bankruptcy petition, a bankruptcy estate is created which includes all of the debtor's legal or equitable interests in property as of the commencement of a case.  11 U.S.C. § 541(a)(1).  These interests in property include causes of action.  Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988).  Upon appointment, the trustee is vested with title to all the bankrupt's estate, embracing "property, including a right of action, which prior to the filing of the petition (the bankrupt) could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered" and "rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property."  11 U.S.C. § 110(a).  Therefore, the "debtor's trustee has the exclusive right to assert claims belonging to the debtor at the time of the bankruptcy filing."  In re: Newpower, 229 B.R. 691 (W.D. Mich. 1999).  Accordingly, plaintiff Tworek dos not have standing to assert her claims, and the action must be dismissed.

## ORDER

It is hereby **ORDERED** that Defendant's September 28, 2009 motion for summary judgment is **GRANTED.**


    s/John Corbett O'Meara
    United States District Judge

Date:  December 14, 2009

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 14, 2009, using the ECF system and/or ordinary mail.

                                                   <u>s/William Barkholz</u>  
                                                 Case Manager